IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| VINCENT JOSEPH BRENNEMAN and AMBER BRENNEMAN | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 4:15-cv-00683-SRB |
| GREAT WOLF LODGE OF KANSAS CITY, LLC, et al. | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss, or in the Alternative, to Transfer Venue. (Doc. #2). For the reasons discussed below, Defendants' motion is denied.

**I.     BACKGROUND**

On August 12, 2015, Plaintiffs filed their complaint in the Circuit Court of Jackson County, Missouri, naming Great Wolf Lodge of Kansas City, LLC, Great Wolf Resorts, Inc., John Doe Supervisors, and John Doe Lifeguards as Defendants. On September 4, 2015, Defendants Great Wolf Lodge of Kansas City, LLC and Great Wolf Resorts, Inc. removed this action to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. §§ 1441 and 1446, and filed the instant motion seeking dismissal or transfer to the U.S. District Court for the District of Kansas pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C §§ 1391, 1404, and 1406.

**II.    LEGAL AUTHORITY**

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may move to dismiss an action for improper venue. See Bomkamp v. Hilton Worldwide, Inc., No. 4:13-CV-

1569-CAS, 2014 WL 897368, at *5 (E.D. Mo. Mar. 6, 2014) (quoting Sudden Valley Supply LLC v. Ziegmann, No. 4:13-CV-53-JCH, 2013 WL 2099440, at *4 (E.D. Mo. May 14, 2013)). "The moving party has the burden of establishing that venue is improper." Bomkamp, 2014 WL 897368, at *5. "Under Rule 12(b)(3) analysis, a district court need not accept the pleadings as true and may consider facts outside of the pleadings." Hesterly v. Royal Caribbean Cruises, Ltd., No. 06-3206-CV-S-RED, 2006 WL 2948082, at *2 (W.D. Mo. Oct. 16, 2006). "If venue is proper, but a more convenient forum exists, the court may transfer the action to the more convenient forum." Pfeiffer v. Int'l Acad. of Biomagnetic Med., 521 F. Supp. 1331, 1336–37 (W.D. Mo. 1981).

### III. DISCUSSION

Defendants argue venue is not established in the Western District of Missouri under 28 U.S.C. §§ 1391(b)(1) or 1391(b)(2). Plaintiff counters that venue in cases removed from state court is governed by 28 U.S.C. § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiffs further argue that venue is proper in this Court because Defendants have consented to personal jurisdiction by failing to raise this defense in Defendants' first responsive pleading.

"A defendant may voluntarily consent or submit to the jurisdiction of a court which otherwise would not have jurisdiction over it." Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1199 (8th Cir. 1990). "Objections to jurisdiction over the person may be waived, either expressly or by not asserting them in a timely manner." Id. "[A] party who fails to object to personal jurisdiction, either in a responsive pleading, or in their first rule 12 motion, waives that

2

objection." Dekalb Genetics Corp. v. Syngenta Seeds, Inc., No. 4:06-CV-01191-ERW, 2007 WL 1223510, at *4 (E.D. Mo. Apr. 24, 2007); see Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990) ("[The defense of lack of personal jurisdiction] 'may be lost by failure to assert it seasonably . . .'"); see, e.g., TLC Vision (USA) Corp. v. Freeman, No. 4:12-CV-01855-ERW, 2013 WL 2181267, at *5 (E.D. Mo. May 20, 2013) (concluding "the Defendants lost the privilege of [a personal jurisdiction defense] by their failure to assert [it] seasonably" where Defendants did not raise a personal jurisdiction defense until after Defendants' first defensive move); see, e.g., McDowell v. Tankinetics, Inc., No. 11-3306-CV-S-RED, 2012 WL 828509, at *4 (W.D. Mo. Mar. 8, 2012), aff'd (May 31, 2013) (finding "Defendants did not waive their right to assert their personal jurisdiction defense" where Defendants "specifically indicat[ed] in their Notice of Removal [] that they did not intend to waive personal jurisdiction" by removal to federal court). "The Eighth Circuit has held that a personal jurisdiction defense must be raised in a clear and unambiguous way." TLC Vision (USA) Corp., 2013 WL 2181267, at *5.

Defendants did not include a personal jurisdiction defense in their first Rule 12 motion. Defendants first argued personal jurisdiction in their reply after Plaintiffs argued waiver in their response. Nor did Defendants specifically indicate in their Notice of Removal that they did not intend to waive personal jurisdiction. Instead, Defendants based their first Rule 12 motion solely on improper venue. Because Defendants failed to raise the defense of personal jurisdiction in a timely manner, they have waived their objection to personal jurisdiction in this Court. As a result, pursuant to 28 U.S.C. § 1391(c), Defendants "reside" in Missouri. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b)(1). See Bomkamp, 2014 WL 897368, at *6 (citing Centerville ALF, Inc. v. Balanced Care Corp., 197 F. Supp. 2d 1039, 1048 (S.D. Ohio 2002)) ("It would defy logic to deem [Defendants] subject to this Court's personal jurisdiction, due to

3

waiver, yet dismiss [Plaintiffs'] claims against it for improper venue, due to lack of residency or, in other words, for want of personal jurisdiction.").

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ." Defendants assert that even if the Court finds venue is proper in the Western District of Missouri, the Court should transfer this case to the District of Kansas because, among other reasons, the alleged injury occurred in Kansas. Plaintiffs argue that the case should not be transferred pursuant to § 1404(a) because Defendants have failed to establish inconvenience to the parties and witnesses.

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997); see also In re Apple, Inc., 602 F.3d 909, 913 (8th Cir. 2010). "The threshold inquiry in ruling on a motion under § 1404(a) is whether this case 'might have been brought'" in the District of Kansas. Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc., 659 F. Supp. 526, 532 (W.D. Mo. 1987). The Court finds that this case could have been brought in the District of Kansas because that is where Plaintiff's injury allegedly occurred, and therefore where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

However, on a transfer motion, the court must also "consider the convenience of the parties, the convenience of the witnesses, the interests of justice, and any other relevant factors when comparing alternative venues." Terra Int'l, Inc., 119 F.3d at 696. "Courts . . . have recognized that [transfer] determinations require a case-by-case evaluation of the particular

4

circumstances at hand and a consideration of all relevant factors." Id. at 691. Under the "convenience" categories, the Eighth Circuit has stated the district court may consider "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." Id. at 696. Under the "interest of justice" category, the district court may consider "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Id.

Plaintiffs originally chose to file this case in Jackson County, Missouri. Witnesses in this case, including the Plaintiffs, live in Jackson County, Missouri. Plaintiffs' counsel and Defendants' counsel are located in Jackson County, Missouri. Convenience factors do not weigh in favor of transferring this case. The Court has considered the factors as stated under § 1404(a), and Terra Int'l, Inc., and declines to transfer this case on that basis.

### IV. CONCLUSION

Accordingly, it is hereby

**ORDERED** Defendant Great Wolf Lodge of Kansas City, LLC, et al's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue is DENIED. (Doc. #2).

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 15, 2015